**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JEFFREY L. DRYDEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHILIP BURNS, et al.,<br><br>　　　　　　Defendants. | Case No. 2:15-CV-00094-KJD-VCF<br><br>**ORDER** |

Presently before the Court is Defendants' Motion to Dismiss (#8) Plaintiff's first amended complaint. Plaintiff filed a Motion to Remand (#12) and Motion for Payment of Costs and Fees (#13). Defendants filed a response in opposition (#16).

<u>I. Background</u>

Jeffrey Dryden, a *pro se* plaintiff, was employed as a part-time student worker at UNLV's Student Recreation and Wellness Center (#8; #1, Ex. A). Plaintiff contends that Defendants' actions led to his termination. <u>Id.</u> In an amended complaint, Plaintiff alleges (1) age discrimination, (2) religious discrimination, (3) slander per se, (4) negligence, and (5) intentional infliction of emotional distress (#1, Ex. A). Defendants removed the case from the Eighth Judicial District Court of Nevada (#1). The parties then filed the present motions.

<u>II. Analysis</u>

　　<u>A. Defendants' Motion to Dismiss and Plaintiff's Motion to Remand</u>

Defendants assert that Plaintiff's allegations are merely a recital of his respective causes

1    of action. Defendants also assert that Plaintiff's claims lack factual support and move to dismiss
2    Plaintiff's amended complaint. Plaintiff contends that Defendants' motion to dismiss should be
3    denied because his amended complaint did not assert a federal claim, and as such, the case
4    should be remanded to state court.
5        Here, Plaintiff never filed a formal response to Defendants' motion to dismiss. However,
6    the Court has an obligation to construe the pleadings of a *pro se* litigant liberally. See Akhtar v.
7    Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court construes Plaintiff's motion to remand as
8    a partial response to Defendants' motion to dismiss. Plaintiff does not contest dismissal of the
9    alleged federal claims and, in fact, rejects Defendants' assertion that a federal action based on
10   Title VII and the ADEA appears in his amended complaint (#12, p. 9-10). Accordingly, the
11   Court dismisses Plaintiff's federal claims without prejudice.
12       The remaining claims of (1) age and religious discrimination in violation of NRS
13   613.330, (2) slander per se, (3) negligence, and (4) intentional infliction of emotional distress rest
14   upon state law. The Court has supplemental jurisdiction over Plaintiff's pendent claims;
15   however, a court may decline to exercise supplemental jurisdiction once all claims over which it
16   has original jurisdiction have been dismissed. See 28 U.S.C § 1367(a), (c). Moreover, "[w]here
17   doubt regarding the right to removal exists, a case should be remanded to state court." Matheson
18   v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Defendants' request for
19   judicial notice of EEOC documents to aid in the interpretation of Plaintiff's amended complaint
20   highlights the existence of doubt as to the propriety of removal based on federal question
21   jurisdiction (#8, p. 8-9). Accordingly, the Court declines to exercise supplemental jurisdiction
22   and remands the remaining claims to state court.
23       B. Plaintiff's Motion for Attorney's Fees and Costs
24       Plaintiff also moves for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).
25   Plaintiff alleges that Defendants improperly removed the case from state court and, as a
26   consequence, Plaintiff should be awarded fees. "Absent unusual circumstances, courts may

award attorney's fees …only where the moving party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140-141 (2005). Here, an award of fees is not warranted. Plaintiff failed to allege whether the age and religious discrimination claims in his amended complaint arose under state or federal law. Additionally, Plaintiff's inclusion of the EEOC's 'right to sue letter' (#1, Ex. A at ¶ 17) in the jurisdictional statement of his amended complaint created a colorable ambiguity. Accordingly, the Court denies Plaintiff's motion for attorney's fees.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#8 ) Plaintiff's First Amended Complaint is **GRANTED IN PART** as to Plaintiff's federal claims, and **DENIED IN PART** as to Plaintiffs' claims arising under state law;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (#12) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs (#13) is **DENIED**.

DATED this __2nd__ day of July 2015.

_____
Kent J. Dawson
United States District Judge